UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:11CV-P26-H

**EARL W. WRIGHT**   **PLAINTIFF**

**v.**

**COOKIE CREWS** *et al.*   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983. He is proceeding *in forma pauperis*. This matter is before the Court on the initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss all of Plaintiff's claims except for his individual-capacity claim against Dr. Faiyaz for deliberate indifference.

## I.

Plaintiff states in the complaint that he is a convicted inmate at the Kentucky State Reformatory ("KSR"). As Defendants Plaintiff names KSR Warden Cookie Crews, Dr. Faiyaz, and Diamond Pharmacy Services, which he identifies as a pharmacy located in Indiana, Pennsylvania. Plaintiff sues Defendants in their individual and official capacities.

Plaintiff alleges deliberate indifference by Defendants. He states that Warden Crews is responsible for the actions and misconduct of Dr. Faiyaz and for the product used to treat Plaintiff. He states that Dr. Faiyaz prescribed him medication that caused him kidney failure and nearly cost him his life. Plaintiff states that Dr. Faiyaz changed his prescription without telling him that it could cause kidney failure or risk to his life. Plaintiff also states that Diamond Pharmacy Services' product caused him to have kidney failure, pain and suffering, emotional

stress and emotional injury, and kidney injuries for the rest of his life. As relief, Plaintiff seeks monetary and punitive damages and injunctive relief.

## II.

When a prisoner initiates a civil action against a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty does not require the Court "to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

**A.     Official-capacity claims**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)).

2

Because Plaintiff sues Crews and Faiyaz in their official capacities, the claims brought against them are deemed claims against the Commonwealth of Kentucky.[1] *See Kentucky v. Graham*, 473 U.S. at 166. To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* 42 U.S.C. § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from state officers in their official capacities, he fails to allege cognizable claims under § 1983. Moreover, Crews and Faiyaz are immune from monetary damages under the Eleventh Amendment. *Id*. The Court will therefore dismiss the claims for monetary relief for failure to state claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

However, in *Will*, the Supreme Court noted that officials still may be sued for injunctive relief under § 1983 because "'official capacity' actions for prospective relief are not treated as actions against the State." *Id.* at 71 n.10. The Sixth Circuit, in *McKay v. Thompson*, 226 F.3d 752 (6th Cir. 2000), followed this approach. There, the Sixth Circuit noted, "the Eleventh Amendment permits prospective injunctive relief, but not damage awards, for suits against individuals in their official capacities under 42 U.S.C. § 1983." *Id*. at 757. Along with monetary damages, Plaintiff's complaint requests injunctive relief in the form of "not to be subjected to

---

[1]Plaintiff also sues Diamond Pharmacy Services in its official capacity. However, since Diamond Pharmacy Services is a private entity, it has no "official" capacity in which it can be sued. *See Corrion v. Corrion*, No. 10-10669, 2010 U.S. Dist. LEXIS 61052, at *6 (E.D. Mich. May 25, 2010).

kidney failure." As Plaintiff alleges that Defendant's actions caused him to suffer kidney failure already, the relief sought by Plaintiff is not prospective. Also, any such threat in the future is speculative, which is insufficient to warrant injunctive relief. *See O'Shea v. Littleton*, 414 U.S. 488, 494-96 (1974). Therefore, Plaintiff's official-capacity claims against Crews and Faiyaz for injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

**B.     Warden Crews**

Plaintiff's only allegation against Warden Crews is that she is responsible for the actions of Dr. Faiyaz and the products used to treat him. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).

Here, Plaintiff fails to demonstrate any facts showing that Crews encouraged any specific incidents of misconduct or implicitly authorized, approved, or knowingly acquiesced to any

4

unconstitutional conduct. Accordingly, Plaintiff's individual-capacity claim against Crews must be dismissed for failure to state a claim upon which relief may be granted.

**C.     Diamond Pharmacy Services**

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff identifies Diamond Pharmacy Services as a pharmacy located in Indiana, Pennsylvania. Plaintiff does not state that it is a public entity or that it acted under color of state law. The United States Constitution does not apply to the conduct of private entities or persons; it applies to conduct by the government. *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 620 (1991). A private citizen is not liable for an alleged constitutional violation unless: (1) "the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority"; and (2) "the private party charged with the deprivation could be described in all fairness as a state actor." *Id.* The complaint fails to demonstrate that Diamond Pharmacy Services derives any authority from the state. As such, Plaintiff's § 1983 claim against it will be dismissed for failure to state a claim upon which relief may be granted.

**D.     Dr. Faiyaz**

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). In

5

order for a claim to rise to the level of an Eighth Amendment violation, "a prison official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837-38. Upon review, the Court will allow Plaintiff's individual-capacity claim for monetary damages against Dr. Faiyaz for deliberate indifference in connection with Plaintiff's medical treatment to proceed past initial review.

## IV.

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's official-capacity claims against Cookie Crews and Dr. Faiyaz are **DISMISSED** pursuant to 28 U.S.C. §§ 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

**IT IS FURTHER ORDERED** that Plaintiff's individual-capacity claim against Crews and his claim against Diamond Pharmacy Services are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Because no claims remain against Crews or Diamond Pharmacy Services, the Clerk of Court is **DIRECTED** to terminate them from this action.

The Court will enter a separate Scheduling Order governing the development of Plaintiff's individual-capacity claim against Dr. Faiyaz.

Additionally, since filing the complaint, Plaintiff also filed a motion requesting Defendants to answer the complaint, a motion for discovery, and a motion for summary

judgment. Since the initial review of the complaint had not been conducted in accordance with § 1915A and *McGore*, 114 F.3d at 604, these motions were premature, and they are now moot by this Memorandum Opinion and Order and the Scheduling Order. **IT IS THEREFORE ORDERED** that Plaintiff's motions (DNS 6, 7, and 8) are **DENIED**.

Date:

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet
4412.010